IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CLINTON SCOTT McNEIL                                                            PETITIONER

VS.                                                           CIVIL ACTION NO.  3:19cv13-DPJ-FKB

SHERIFF VICTOR MASON                                                          RESPONDENT

### REPORT AND RECOMMENDATION

This is an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Clinton Scott McNeil. At the time he filed his petition, McNeil was a pretrial detainee being held at the Hinds County Detention Center in Raymond, Mississippi, on State criminal charges of grand larceny and felon in possession of a weapon. [11-1]. In his filings, he alleges that he has suffered ineffective assistance of counsel, a violation of his right to a speedy trial, illegal detention without bond or indictment, and a violation of his due process rights. [6] at 6-7. He asks for immediate release from custody and dismissal of the criminal charges with prejudice. *Id.* at 7. Presently before the Court is Respondent's Motion to Dismiss [11]. McNeil has not responded to the motion.

A state court prisoner may raise a speedy trial claim under § 2241 in order to force the state to bring him to trial.  *Brown v. Estelle*, 530 F.2d 1280, 1283 (1976) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)). However, relief under § 2241 is not available where, as in the present case, the petitioner seeks only dismissal of state charges and release based upon a violation of the right to a speedy trial. *Id.* Thus, McNeil's allegation of a speedy trial violation fails to state a claim under § 2241.

Furthermore, it appears that McNeil has not exhausted his state court remedies as to his speedy trial claim. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)

(although § 2241 contains no statutory exhaustion requirement, a judicially-crafted requirement of exhaustion of state remedies applies). According to the docket of his criminal case, his motions for a speedy trial were still pending in state court when the Respondent filed the Motion to Dismiss. *See* [11-3]. Therefore, this Court may not entertain this ground for relief.

Finally, the Court observes that the State has presented evidence that McNeil has been released on a personal recognizance bond, pending indictment. *See* [11-6]. McNeil has confirmed his release by updating his address in the Court's records with an out-of-state address. *See* [8]. Although McNeil continues to be "in custody" for purposes of § 2241 while he is on bond, the petition is now moot to the extent that it requests immediate release on bond. *See Salgado v. Federal Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007)("[A]n action is moot when the court cannot grant the relief requested by the moving party."); *cf. Reed v. Sollie*, Civil Action No. 3:17cv604-TSL-LRA, 2018 WL 1023762 (S.D. Miss. Feb. 22, 2018)(dismissing § 2241 petition brought by pre-trial detainee seeking release from custody and enforcement of right to speedy trial; noting that petitioner continued to satisfy § 2241's "in custody" requirement despite his release on bond.).

For these reasons, the undersigned recommends that Respondent's motion be granted and the petition be dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of January, 2020.

                                                <u>s/ F. Keith Ball</u>
                                                United States Magistrate Judge